■ HENRY D. GANDIA, Respondent, v IRENE E. RIVERA-GANDIA, Appellant. [689 NYS2d 391] —Order, Supreme Court, Bronx County (Judith Gische, J.), entered on or about December 15, 1998, which, in an action for divorce, *inter alia*, granted plaintiff temporary custody of the parties' child pending trial, unanimously affirmed, without costs.

Temporary custody of the child was properly awarded to plaintiff upon a record showing that such was being urged by both the Law Guardian and the forensic evaluator and that the child's sister was residing with plaintiff. We further note that it was defendant's own actions which caused her to be unrepresented by counsel when the award of temporary custody was made. Defendant's remedy is a prompt trial at which she will have a full opportunity to present evidence (*see*, *Meltzer v Meltzer*, 38 AD2d 522; *Portnof v Portnof*, 188 AD2d 411). Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.

■ DONALD F. SCHNEIDER, Appellant, v SAIBER SCHLESINGER SATZ & GOLDSTEIN, L. L. C., et al., Respondents, and FELTMAN KARESH MAJOR & FARBMAN, L. L. P., et al., Intervenors-Respondents. [689 NYS2d 66] —Order, Supreme Court, New York County (Carol Huff, J.), entered November 20, 1998, which denied plaintiff's motion to disqualify defendants-attorneys in a pending arbitration proceeding involving claimed breaches of fiduciary duty by and against present and former members of a law firm, unanimously affirmed, without costs.

The writing plaintiff signed constituted a clear and effective waiver of any right he might otherwise have had to claim the conflict of interest he now asserts (*see*, *Yasuda Trust & Banking Co. v 250 Church Assocs.*, 206 AD2d 259). Moreover, we agree with the IAS Court that, quite apart from this waiver, disqualification should be denied for failure to show the nature and substance of the confidential information plaintiff imparted to the attorneys, and its bearing on the arbitration proceeding (*see*, *supra*). There is no merit to plaintiff's argument that the attorneys are simultaneously representing parties with conflicting interests in the arbitration. Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.