■ ELISA A. GRANATA, Respondent, v JOHN J. GRANATA, Appellant. [735 NYS2d 622] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered November 28, 2000, which denied his motion to modify an agreement between the parties providing for joint custody of their children, and granted the plaintiff's cross motion awarding her sole custody of the children.

Ordered that the order is affirmed, with costs.

"[A]lteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903; *see, Matter of Russo v Russo,* 257 AD2d 926). Contrary to the defendant's contention, the Supreme Court properly denied his motion for residential custody and granted the plaintiff's cross motion for sole custody of the parties' children, even though a hearing of the matter

had not yet been completed. The defendant enjoyed liberal visitation with the children before January 1999, when visitation was temporarily suspended by the Supreme Court. Although visitation was eventually permitted, the defendant exercised his right on a sporadic basis (*see, Matter of White v White,* 267 AD2d 888, 889). The defendant was unhappy with the visitation afforded to him, and placed his own interests, and the desire to have his position vindicated, above the needs of the children, who suffered by his conduct and insensitivity. Although the defendant's claimed impetus for his motion stems from the children's preference to live with him, that preference, while a factor to be considered, "is by no means determinative," especially where, as here, the children are young and, thus, are vulnerable to influence by the noncustodial parent (*see, Matter of Robert T.F. v Rosemary F.,* 148 AD2d 449, 451).

The record further supports the finding of the Supreme Court that the parties' relationship is so acrimonious, embattled, and embittered, that joint custody is unworkable and impossible, and no longer in the best interests of the children (*see, Matter of Oldfield v Robinson,* 267 AD2d 530, 531-532; *cf., Braiman v Braiman,* 44 NY2d 584, 590; *Matter of Griffen v Evans,* 235 AD2d 720, 722; *Bongiovanni v Bongiovanni,* Sup Ct, Kings County, NYLJ, Oct. 13, 2000, at 28, col 1). Under these circumstances, including the defendant's refusal to engage in any dialogue with the plaintiff concerning the children, sole custody was properly awarded to the plaintiff. Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.