In the Matter of DARRYL B.W., Respondent, v SHARON M.W., Appellant. [854 NYS2d 260]—

Memorandum: Respondent mother appeals from an order granting petitioner father physical custody of the parties' two children. We affirm. We note at the outset that, contrary to the mother's contention, the record establishes that the parties stipulated that the matter would be heard by a judicial hearing officer (JHO). Although the mother is correct that the JHO did not adequately advise her of her right to assigned counsel at the first court appearance, the record establishes that the JHO "eventually assigned counsel to represent [her and, a]t the court proceedings when [she] was present without counsel . . . , the [JHO] resolved only temporary issues of visitation" (*Matter of Fralix v Thornock*, 9 AD3d 890 [2004]). The mother also is correct that the JHO erred in awarding temporary custody of the children to the father without first conducting a hearing (*see Matter of Smith v Patrowski*, 226 AD2d 1073 [1996]). "Although temporary custody may be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits" (*Robert C.R. v Victoria R.*, 143 AD2d 262, 264 [1988]), that was not the case here. Nevertheless, the error does not require reversal inasmuch as the JHO "subsequently conducted the requisite evidentiary hearing, and the record of that hearing fully supports the [JHO's] determination following the hearing" (*Matter of Humberstone v Wheaton*, 21 AD3d 1416, 1418 [2005]; *see generally Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]; *Matter of Booth v Booth*, 8 AD3d 1104, 1104-1105 [2004], *lv denied* 3 NY3d 607 [2004]). Present—Smith, J.P., Centra, Fahey, Peradotto and Green, JJ.