In the Matter of CHERYL R. OWENS, Respondent, v WADE K. GARNER, Appellant. [881 NYS2d 251]—

Appeal from an order of the Family Court, Erie County (Marjorie C. Mix, J.H.O.), entered December 12, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the parties' children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order modifying a prior order pursuant to which he had sole custody of the parties' children, with visitation to petitioner mother, by awarding the mother sole custody of the children, with visitation to the father. Although we agree with the father that Family Court erred in granting temporary custody of the children to the mother without conducting a full evidentiary hearing (*see Matter of Smith v Brown*, 272 AD2d 993 [2000]), we conclude

that the error is harmless because the Judicial Hearing Officer (JHO) " 'subsequently conducted the requisite evidentiary hearing' " (*Matter of Darryl B.W. v Sharon M.W.*, 49 AD3d 1246, 1247 [2008]).

Contrary to the father's further contention, there is a sound and substantial basis in the record to support the JHO's determination following the hearing (*see generally id.; Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174 [2006]; *Matter of Carl G. v Oneida County Dept. of Social Servs.*, 24 AD3d 1274, 1275 [2005]; *Matter of Green v Mitchell*, 266 AD2d 884 [1999]). " 'It is well established that alteration of an established custody [and visitation] arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]; *see Matter of Connie L.C. v Edward C.B.*, 45 AD3d 1374 [2007]). Here, the mother established that the father interfered with the mother's visitation with the children under the prior order, that the children's grades declined while the children were in the father's care, that the father failed to seek proper and necessary medical and dental treatment for the children, and that he had used a belt to "whip" the children on at least one occasion. That evidence, as well as the evidence that the children were thriving in the mother's care and preferred to reside with the mother, supports the JHO's determination that an award of sole custody to the mother is in the best interests of the children (*see generally Matter of Maher v Maher*, 1 AD3d 987, 989 [2003]; *Fox v Fox*, 177 AD2d 209, 210 [1992]).

We reject the contention of the father that he was denied a fair hearing. Contrary to his contention, his request that the JHO recuse herself did not constitute a withdrawal of his consent to have the matter handled by the JHO. Also, contrary to the contention of the father, the record fails to establish that the JHO was biased against him. Although the JHO elicited substantial testimony from the father during the mother's cross-examination of him, he did not object to the JHO's questioning, and the questions sought only clarification or further explanation of testimony from both parties (*cf. Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.