■ JOSEPH B. SITTS, Respondent, v ALLISON L. SITTS, Appellant. [902 NYS2d 274]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered July 16, 2009 in a divorce action. The order, among other things, awarded primary physical custody of the parties' children to plaintiff.

It is hereby ordered that the order so appealed from is unanimously modified on the law by awarding primary physical custody of the children to defendant and by vacating the second through sixth ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, a divorce and primary physical custody of the parties' children. After a bifurcated trial on the issues of custody and visitation, Supreme Court awarded the parties joint legal custody of the children, with primary physical custody of the children to plaintiff. The best interests of the children must

be the primary consideration in determining the issue of custody (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]), and we agree with defendant that the award of primary physical custody to plaintiff is not in the best interests of the parties' children.

It is well settled that "[t]he authority of the Appellate Division in matters of custody is as broad as that" of the trial court (*Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]). Although, as a general rule, the custody determination of the trial court is entitled to great deference (*see Eschbach*, 56 NY2d at 173-174), "[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record" (*Fox v Fox*, 177 AD2d 209, 211-212 [1992]), and that is the case here. The record establishes that defendant was the children's primary caregiver throughout the marriage. In addition to maintaining a full-time job, defendant prepared the family's meals, bathed the children, made the necessary arrangements for day care, administered the children's medications, read to the children, and put them to bed. By contrast, plaintiff's involvement with the children largely consisted of attending a few medical appointments and school conferences. The record also reflects that plaintiff spent a significant amount of time pursuing his own recreational interests, leaving the children in defendant's care. Moreover, at the time of the custody determination, plaintiff had not yet obtained a permanent residence for the children.

In rendering its decision with respect to physical custody of the children, the court focused on various matters that were irrelevant to a determination of the children's best interests in this case, including defendant's alleged marital infidelity. "A parent's infidelity or sexual indiscretions should be a consideration in a custody dispute only if it can be shown that such factor may adversely affect the child[ren]'s welfare" (*Pawelski v Buchholtz*, 91 AD2d 1200, 1200 [1983]; *see Matter of Blank v Blank*, 124 AD2d 1010 [1986]), and no such showing was made here. The court also improperly based its determination on defendant's relocation to Ithaca, which is approximately 65 miles from the former marital residence. The record reflects that defendant moved to Ithaca to obtain a new job only after plaintiff sent a letter to defendant's former supervisor criticizing defendant's work performance and alleging that defendant engaged in job-related misconduct. We note in any event that defendant's relocation is not a proper basis upon which to award primary physical custody to plaintiff under the circumstances of this case inasmuch as the children will need to travel between the parties' two residences regardless of which parent is awarded primary physical custody.

We therefore modify the order by awarding primary physical custody of the children to defendant and by vacating those ordering paragraphs providing for visitation, and we remit the matter to Supreme Court to set an appropriate visitation schedule. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.