◼ NICOLE M. CAPODIFERRO, Appellant, v ROBERT A. CAPODIFERRO, Respondent. [908 NYS2d 492]—

Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Romano, J.), entered January 16, 2009 in a divorce action. The judgment, insofar as appealed from, awarded the parties joint legal custody of their child and directed defendant to pay child support.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this matrimonial action, the parties settled all issues prior to trial with the exception of those involving the custody of their five-year-old son. Plaintiff mother sought sole legal and physical custody, while defendant father sought to continue the joint legal and physical custody arrangement that had been in place for the preceding 11 months, at the recommendation of the Attorney for the Child. Following a trial on the issue of custody, Supreme Court ruled in favor of the father.

We conclude that the court's determination that the existing custody arrangement is in the child's best interests "is supported by a sound and substantial basis in the record and thus [should] not be disturbed" (*Wideman v Wideman*, 38 AD3d 1318, 1319 [2007] [internal quotation marks omitted]). Contrary to the mother's contention, "the record establishes that the court carefully weighed the appropriate factors, and the determination of the court, 'which [was] in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight' " (*id.*). We note in addition that the record supports the court's determination that the joint custody arrangement is feasible despite conflicts between the parties, i.e., "the parties are not 'so embattled and embittered as to effectively preclude joint decision making' " (*Matter of Schlafer v Schlafer*, 6 AD3d 1202, 1202-1203 [2004]).

The record does not support the mother's further contention that the court failed to consider its own findings of fact and conclusions of law that accompanied the judgment of divorce in determining the issue of custody. The findings of fact and conclusions of law to which the mother refers were submitted to the court by her own attorney *after* the conclusion of the custody trial and the issuance of the court's custody decision. Also contrary to the contention of the mother, the record does not support her contention that the court was biased against her (*cf. Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]). Although the mother is correct that the court "elicited substantial testimony from witnesses [during the trial,] . . . the [court's] questions sought only clarification or further explanation of testimony" presented by both parties (*Matter of Owens v Garner*, 63 AD3d 1585, 1586 [2009]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.