# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1132**
**CAF 11-00654**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF YASIN TISDALE,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

JUDY ANDERSON, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

MINDY L. MARRANCA, BUFFALO, FOR RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-RESPONDENT.

MARY ANNE CONNELL, ATTORNEY FOR THE CHILDREN, BUFFALO, FOR NASIR Y.T.
AND NADIA S.-Y.T.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered February 7, 2011 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole custody of the parties' children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Yasin Tisdale, the petitioner in appeal No. 1 and the respondent in appeal No. 2 (father), commenced the proceeding in appeal No. 1 pursuant to Family Court Act article 6 seeking to modify the custody provisions in a prior order by awarding him sole custody of the parties' two children. Judy Anderson, the respondent in appeal No. 1 and the petitioner in appeal No. 2 (mother), filed the petition in appeal No. 2 seeking sole custody of the children. By the order in appeal No. 1, Family Court granted the father's request for a temporary change in the residence of the children with the mother in New York to the father in Virginia and determined, following a full evidentiary hearing, that it was in the children's best interests that the father have sole custody and that they reside with him in Virginia. By the order in appeal No. 2, the court dismissed the mother's petition.

Even assuming, arguendo, that the court erred in appeal No. 1 by granting the father's request for a temporary change in the physical residence of the children without conducting an evidentiary hearing, we conclude that any such error is harmless because the court subsequently conducted the requisite hearing (*see Matter of Owens v Garner*, 63 AD3d 1585, 1585-1586; *Matter of Darryl B.W. v Sharon M.W.*,

49 AD3d 1246, 1247).

With respect to the court's custody determination in appeal Nos. 1 and 2, we conclude that "[t]he mother . . . failed to preserve for our review her contention that the father failed to establish a change of circumstances warranting review of the prior order" (*Matter of Canfield v McCree*, 90 AD3d 1653, 1654; *see Matter of Deegan v Deegan*, 35 AD3d 736, 736-737). We note in any event that, "in her petition, the mother alleged that there had been such a change of circumstances" (*Stilson v Stilson*, 93 AD3d 1222, 1223). Contrary to the mother's further contention, there is a sound and substantial basis in the record to support the court's determination following the hearing that it was in the children's best interests to award sole custody to the father, and thus that determination will not be disturbed (*see Capodiferro v Capodiferro*, 77 AD3d 1449, 1450; *Owens*, 63 AD3d at 1586; *Wideman v Wideman*, 38 AD3d 1318, 1319).

Entered:  November 16, 2012                    Frances E. Cafarell
                                                Clerk of the Court