▪ In the Matter of RACHEL LAWSON, Respondent, v RITCHEL
LAWSON, Appellant. [974 NYS2d 854]—

Appeal from an order of the Family Court, Monroe County
(Thomas W. Polito, Ref.), entered November 3, 2011 in a
proceeding pursuant to Family Court Act article 6. The order,
inter alia, awarded petitioner sole custody and primary physical
residence of the parties' children.

It is hereby ordered that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to article
6 of the Family Court Act, respondent father appeals from an
order modifying a prior custody order by, inter alia, awarding
sole custody and primary physical residence of the parties' chil-
dren to petitioner mother. We reject the father's contention that
Family Court placed undue emphasis upon evidence of his
private immoral conduct. The record establishes that the court
did not consider the moral implications of the father's extramari-
tal relationship. Instead, the court carefully considered that evi-
dence only in evaluating the father's history of impulsiveness
and his inability to put the needs of the children before his own
(*see Matter of Adriano D. v Yolanda A.*, 94 AD3d 448, 449 [2012];
*Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006], *lv denied*
7 NY3d 711 [2006]; *Granata v Granata*, 289 AD2d 527, 528
[2001]). Indeed, the court properly determined that evidence of
the father's infidelity or sexual indiscretions was not relevant
except in those contexts (*see Sitts v Sitts*, 74 AD3d 1722, 1723
[2010], *lv dismissed* 15 NY3d 833 [2010], *lv denied* 18 NY3d
801 [2011]). Contrary to the father's further contention, there
is a sound and substantial basis in the record to support the
court's determination that it was in the children's best interests
to award sole custody to the mother, and thus we will not disturb
that determination (*see Matter of Tisdale v Anderson*, 100 AD3d
1517, 1517-1518 [2012]; *Capodiferro v Capodiferro*, 77 AD3d
1449, 1450 [2010]). Finally, contrary to the father's contention,
the court did not deny him visitation on the Thanksgiving and
Christmas holidays. In addition to visitation during the
children's February and April school vacations and the majority
of their summer vacation, the court awarded the father "rea-
sonable [visitation] time with the children whenever he travels
to the children's residence during their periods of residence

with the [mother]." Thus, the order provides the father with an opportunity for visitation on the holidays in question. In the event that the mother frustrates the father's exercise of such visitation, his remedy is to file a violation petition. Present—Scudder, P.J., Peradotto, Carni, Sconiers and Whalen, JJ.