# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1118**
**CAF 12-02128**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF RACHEL LAWSON,
PETITIONER-RESPONDENT,

V                                             MEMORANDUM AND ORDER

RITCHEL LAWSON, RESPONDENT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY DUGUAY OF COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered November 3, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody and primary physical residence of the parties' children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to article 6 of the Family Court Act, respondent father appeals from an order modifying a prior custody order by, inter alia, awarding sole custody and primary physical residence of the parties' children to petitioner mother. We reject the father's contention that Family Court placed undue emphasis upon evidence of his private immoral conduct. The record establishes that the court did not consider the moral implications of the father's extramarital relationship. Instead, the court carefully considered that evidence only in evaluating the father's history of impulsiveness and his inability to put the needs of the children before his own (*see Matter of Adriano D. v Yolanda A.*, 94 AD3d 448, 449; *Matter of Galanos v Galanos*, 28 AD3d 554, 555, *lv denied* 7 NY3d 711; *Granata v Granata*, 289 AD2d 527, 528). Indeed, the court properly determined that evidence of the father's infidelity or sexual indiscretions was not relevant except in those contexts (*see Sitts v Sitts*, 74 AD3d 1722, 1723, *lv dismissed* 15 NY3d 833, *lv denied* 18 NY3d 801). Contrary to the father's further contention, there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award sole custody to the mother, and thus we will not disturb that determination (*see Matter of Tisdale v Anderson*, 100 AD3d 1517, 1517-

1518; *Capodiferro v Capodiferro*, 77 AD3d 1449, 1450). Finally, contrary to the father's contention, the court did not deny him visitation on the Thanksgiving and Christmas holidays. In addition to visitation during the children's February and April school vacations and the majority of their summer vacation, the court awarded the father "reasonable [visitation] time with the children whenever he travels to the children's residence during their periods of residence with the [mother]." Thus, the order provides the father with an opportunity for visitation on the holidays in question. In the event that the mother frustrates the father's exercise of such visitation, his remedy is to file a violation petition.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court