# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1233**

**CAF 12-01312**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF JANIE STEARNS,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ROBERT CRAWFORD, RESPONDENT-APPELLANT.
----------------------------------------
IN THE MATTER OF ROBERT CRAWFORD,
PETITIONER-APPELLANT,

V

JANIE STEARNS, RESPONDENT-RESPONDENT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID SOCIETY OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (E. Jeannette Ogden, A.J.), dated May 7, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted the petition of petitioner-respondent for sole custody and primary physical residence of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, granted petitioner-respondent mother sole custody and primary physical residence of the parties' children with access to respondent-petitioner father, the father contends that Family Court erred in transferring temporary custody of the younger child to the mother in the absence of an attorney representing the father. We reject that contention inasmuch as the father was unrepresented due to his own inaction in seeking assigned counsel (*see Gandia v Rivera-Gandia*, 260 AD2d 321, 321). The record establishes that, during two prior court appearances, the court advised the father of his right to counsel and gave him a referral for assigned counsel. At the third appearance, when the father again appeared without counsel, the court granted the

temporary order upon the motion by the Attorney for the Children.  In any event, assuming, arguendo, that the court erred in deciding the motion when the father was unrepresented by counsel, we conclude that reversal is not required because the order on appeal was issued following a subsequent evidentiary hearing at which the father was represented by counsel (*see generally Matter of Owens v Garner*, 63 AD3d 1585, 1585-1586; *Matter of Darryl B.W. v Sharon M.W.*, 49 AD3d 1246, 1247).

Contrary to the father's further contention, the court properly determined that it was in the best interests of the children to award sole custody to the mother.  The court's custody determination following a hearing is entitled to great deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173), "particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).  Here, the court's written decision establishes that the court engaged in a " 'careful weighing of [the] appropriate factors' " (*Matter of Triplett v Scott*, 94 AD3d 1421, 1422), and the court's determination has a sound and substantial basis in the record (*see Betro v Carbone*, 5 AD3d 1110, 1110; *Matter of Thayer v Ennis*, 292 AD2d 824, 825).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court