■ In the Matter of CHRISTIANTI G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANA S., Appellant. (Proceeding No. 1.) In the Matter of ANAMARIA G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANA S., Appellant. (Proceeding No. 2.) [1 NYS3d 844]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated November 15, 2013. The order, after fact-finding and dispositional hearings, found that the mother neglected the subject children, released the children to the custody of the father, and

placed the mother under the supervision of the Suffolk County Department of Social Services until November 7, 2014.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the mother under the supervision of the Suffolk County Department of Social Services until November 7, 2014, is dismissed as academic, without costs or disbursements, as that portion of the order expired by its own terms (*see Matter of Amber A. [Thomas E.]*, 108 AD3d 664 [2013]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The subject children resided in Florida with their mother and the mother's boyfriend until February 2013. In February 2013, after the mother was involuntarily hospitalized for mental illness, the children began to reside with their father in New York. In July 2013, the petitioner commenced this proceeding, alleging that the mother neglected the subject children by failing to intervene when the subject children disclosed that they witnessed sexual contact between the mother's boyfriend and their underage cousin, and by reason of the mother's mental illness. After a fact-finding hearing, the Family Court found that the mother neglected the subject children.

Contrary to the mother's contention on appeal, although New York was not the "home state" of the subject children so as to establish jurisdiction pursuant to Domestic Relations Law § 76 (1) (Domestic Relations Law § 75-a [7]), the Family Court properly invoked temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c (1) (*see Matter of Bridget Y. [Kenneth M.Y.]*, 92 AD3d 77, 87 [2011]; *Matter of Santiago v Riley*, 79 AD3d 1045, 1046 [2010]). Further, the Family Court's finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [1]; *Matter of Amber Gold J. [Vanessa J.]*, 88 AD3d 1001, 1002 [2011]; *Matter of Lisbeth H. [Noemy H.]*, 83 AD3d 836, 837 [2011]). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.