■ In the Matter of DIANA N. and Others, Children Alleged to be Abused and/or Neglected. KIM N., Also Known as KIM K., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [33 NYS3d 179]—

Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about October 6, 2014, to the extent it brings up for review an order of fact-finding, same court and Judge, entered on or about September 9, 2014, which determined that respondent mother had abused and neglected the subject children, unanimously affirmed, and the appeal therefrom otherwise dismissed, without costs, as moot. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Appeal from permanency order, same court (Susan M. Doherty, Ref.), entered on or about May 4, 2015, which, among other things, continued the children's placement with the Commissioner of Social Services pending the next permanency hearing scheduled for September 10, 2015, unanimously dismissed, without costs, as moot.

Although New York was not the "home state" of the subject children so as to establish jurisdiction pursuant to Domestic Relations Law § 76 (1) (Domestic Relations Law § 75-a [7]),

Family Court had temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c (1) (*Matter of Christianti G. [Diana S.]*, 125 AD3d 859, 860 [2d Dept 2015]).

The findings that the mother had abused and neglected her children were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The record shows that the mother's husband sexually abused the oldest child for seven years, that one of the other children observed an incident of sexual abuse, and that the mother failed to protect the child from the abuse (Family Ct Act § 1012 [e] [iii]; *Matter of Ivette R.*, 282 AD2d 751, 751 [2d Dept 2001]; *Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659 [1st Dept 2013]). The oldest child's out-of-court statements were sufficiently corroborated by, among other things, the criminal convictions of the mother's husband and by his own admissions (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 119 [1987]). The mother also failed to protect the children from the husband's excessive drinking and physical abuse (*Matter of Christopher B.*, 26 AD3d 431 [2d Dept 2006]). Further, the mother failed to provide one of the children with adequate medical care (*see Matter of Shawndel M.*, 33 AD3d 1006 [2d Dept 2006]), and she failed to provide the children with adequate food, shelter, clothing, and education. These failures are due to poor planning, and not because of a lack of financial resources (*see* Family Ct Act § 1012 [f] [i] [A]).

The appeals from the disposition and from the subsequent permanency order are moot (*see Matter of Skye C. [Monica S.]*, 127 AD3d 603, 604 [1st Dept 2015]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.