Matter of Loveland v Barnes (2018 NY Slip Op 03283)





Matter of Loveland v Barnes


2018 NY Slip Op 03283


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


557 CAF 17-01742

[*1]IN THE MATTER OF MARK G. LOVELAND, PETITIONER-APPELLANT,
v
ERIKA N. BARNES, RESPONDENT-RESPONDENT.
IN THE MATTER OF ERIKA N. BARNES, PETITIONER-RESPONDENT,
v
MARK G. LOVELAND, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
ERIKA N. BARNES, RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT PRO SE.
ROBERT A. DINIERI, CLYDE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), dated December 28, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the subject child to Erika N. Barnes. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, petitioner-respondent father appeals from an order that, inter alia, denied his petition seeking modification of a prior custody order by awarding him sole custody of the parties' child, and granted the cross petition of respondent-petitioner mother seeking modification of the prior order of custody by awarding her sole custody of the child. In appeal No. 2, the father appeals from an order awarding attorney's fees to the mother.
We conclude in appeal No. 1 that the record supports the determination of Family Court that joint custody was no longer appropriate in light of the parties' acrimonious relationship (see Williams v Williams, 100 AD3d 1347, 1348 [4th Dept 2012]). We further conclude that there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award sole legal custody to the mother (see Matter of Lawson v Lawson, 111 AD3d 1393, 1393 [4th Dept 2013]). A sound and substantial basis in the record also supports the court's determination "that the father failed to establish a change in circumstances reflecting a real need for change in the primary residence of the child[] to ensure that [his] best interests were served" (Matter of Betro v Carbone, 50 AD3d 1583, 1584 [4th Dept 2008]).
Contrary to the father's contention in appeal No. 2, we conclude that the court did not award attorney's fees to the mother pursuant to 22 NYCRR part 130, inasmuch as the court explicitly found that the modification proceeding initiated by the father was not frivolous. We further conclude that the court properly awarded such fees to the mother, not as a sanction against the father, but rather based upon "the equities of the case and the financial circumstances of the parties" (Popelaski v Popelaski, 22 AD3d 735, 738 [2d Dept 2005]; see Griffin v Griffin, [*2]104 AD3d 1270, 1272 [4th Dept 2013]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court