Paul v Paul (2018 NY Slip Op 03377)





Paul v Paul


2018 NY Slip Op 03377


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09174
 (Index No. 2214/13)

[*1]Matthew Paul, respondent, 
v
Sherry Paul, appellant.


Kelli M. O'Brien, Goshen, NY, for appellant.
Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin of counsel), for respondent.
Geoffrey E. Chanin, Goshen, NY, attorney for the children.



DECISION & ORDER
In an action for child custody, the mother appeals from a judgment of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 9, 2016. The judgment, insofar as appealed from, upon a decision and order dated September 3, 2015, awarded the parties joint legal custody of their children with primary physical custody to the father and visitation to the mother.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties to this custody dispute were married and have two children in common, twins who were born in 2007. The parties separated in 2012 and, in a separation agreement dated April 28, 2012, agreed that the mother, who was moving to Virginia, would have primary physical custody of the children. The father filed for divorce in the Supreme Court, Orange County, on March 13, 2013.
In late March of 2013, the father moved for custody of the children by order to show cause returnable May 10, 2013, seeking to invoke the temporary emergency jurisdiction of the Supreme Court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law article 5-a; hereinafter UCCJEA). The order to show cause contained a proposed provision awarding the father temporary custody of the children. The father stated in his affidavit in support of his motion that, when the children arrived in New York for a scheduled visit with him, he had been alarmed by their physical condition and school reports of their excessive absences.
On April 3, 2013, the parties appeared before the Supreme Court on the order to show cause, and the father testified, among other things, about the emergency circumstances that he alleged existed, including persisting sores on one child's arms for which the mother did not seek medical attention, the low weight of one of the twins, who was five years old but only weighed 32½ pounds, the poor condition of one child's teeth, which had two cavities and required a root canal, and school reports of excessive absences and inadequate clothing and snacks. The father also testified that, earlier in the year, the mother had sent the children, who at the time were only five years old, to New York for Christmas break to visit him by train—a journey which required multiple [*2]transfers—accompanied only by their 18-year-old half sister, notwithstanding the half sister's pre-existing psychiatric issues and the fact that she had just had kidney removal surgery a couple of weeks prior to the travel.
The mother appeared at the April 3, 2013 proceeding without counsel. At the conclusion of that proceeding the Supreme Court signed the provision of the order to show cause awarding temporary custody of the children to the father, and directed that answering papers be served and filed on or before May 1, 2013. The court also directed the parties to appear on the return date, May 10, 2013, to address the merits of the father's motion for custody of the children. Thereafter, the court appointed an attorney for the children on April 5, 2013, and counsel for the mother on May 6, 2013.
The mother's counsel neither sought to adjourn the return date of the father's motion nor submitted any written opposition to it; instead, counsel made oral arguments in a conference with the court on May 24, 2013. In an order dated June 6, 2013 (hereinafter the June 2013 order), the court reiterated its preliminary finding that it could exercise jurisdiction over the matter pursuant to the temporary emergency jurisdiction provisions of the UCCJEA (see Domestic Relations Law § 76-c[1]), and granted the father temporary custody of the children. The mother did not appeal the June 2013 order, and did not move at that time to vacate it or to renew or reargue her opposition to it; nor did the mother commence a custody proceeding in Virginia.
Almost a year later, on March 28, 2014, after 11 days of trial testimony on the issue of custody, the mother filed a motion seeking, inter alia, to vacate the June 2013 order, contending, among other things, that there was no basis for the court to exercise emergency jurisdiction under the UCCJEA. In an order dated May 2, 2014, the Supreme Court denied that branch of the mother's motion (hereinafter the May 2014 order).
Subsequently, at the conclusion of all testimony and briefing, the Supreme Court issued a decision in which it concluded that it had jurisdiction to determine the issue of custody and the parties should be awarded joint legal custody of the children, with primary physical custody to the father. The court noted that New York had become the children's home state in that no prior custody order had been issued by Virginia, which had previously been the children's home state, and no custody proceeding had been commenced in Virginia either before or after the commencement of this action in New York (see Domestic Relations Law § 76-c[2]). The court then entered a judgment of divorce, inter alia, awarding the parties joint legal custody of the children with primary physical custody to the father and liberal visitation to the mother. The mother appeals from that portion of the judgment. The appeal brings up for review the June 2013 and May 2014 orders, which determined that the court had emergency jurisdiction under the UCCJEA for the purposes of awarding custody and denied the mother's motion to vacate that determination, respectively. The mother also contends that the court erred in denying her motion to relieve the attorney for the children in an order dated December 12, 2013 (hereinafter the December 2013 order).
Contrary to the mother's contention, she was not deprived of her statutory right to counsel (see Matter of Darryl B.W. v Sharon M.W., 49 AD3d 1246, 1247; Matter of Fralix v Thornock, 9 AD3d 890, 890; see also Matter of Stearns v Crawford, 112 AD3d 1325, 1326). Although the mother did not have counsel at the April 3, 2013, proceeding on the father's order to show cause, the Supreme Court assigned counsel for the mother before the return date of the father's motion. Under the circumstances of this case, the mother's statutory right to counsel was not violated (see Matter of Darryl B.W. v Sharon M.W., 49 AD3d at 1247; Matter of Fralix v Thornock, 9 AD3d at 890; see also Matter of Stearns v Crawford, 112 AD3d at 1326).
Moreover, given the totality of the circumstances, the Supreme Court's initial invocation of emergency jurisdiction pursuant to the UCCJEA was warranted (see Domestic Relations Law § 76-c[1]; Matter of Christianti G. [Diana S.], 125 AD3d 859, 860; Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 87; Matter of Santiago v Riley, 79 AD3d 1045, 1046). The father's moving papers and testimony established facts supporting his contention that there was " an emergency that [was] real and immediate, and of such a nature as to require [s]tate intervention to [*3]protect the child[ren] from imminent physical or emotional danger'" (Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d at 87, quoting Matter of Severio P. v Donald Y., 128 Misc 2d 539, 542 [Fam Ct, Richmond County]). Notably, the mother's counsel did not seek to adjourn the father's motion for custody or submit any opposition papers to it. Nothing in the mother's motion to vacate the June 2013 order, filed nearly a year later and after 11 days of trial testimony on the issue of custody, supports the mother's contention that the court erred in exercising temporary emergency jurisdiction. The court's subsequent determination that New York had become the children's home state and that it had jurisdiction to issue a final order of custody also was appropriate since no prior custody order had been issued by a court in Virginia and the mother never commenced a custody proceeding in Virginia, either before or after the commencement of this action in New York (see Domestic Relations Law § 76-c[2]; Matter of Tin Tin v Thar Kyi, 92 AD3d 1293, 1293-1294).
In determining issues of custody, the most important factor to be considered is the interests of the children, and "we accord considerable deference to the [trial] court's assessment of the parties, inasmuch as the assessment rests on that court's superior position to evaluate the witnesses' demeanor and credibility" (Matter of Wright v Stewart, 131 AD3d 1256, 1257; see Eschbach v Eschbach, 56 NY2d 167, 171). Here, the Supreme Court's determination regarding custody is supported by a sound and substantial basis, and we find no basis to disturb it.
The mother contends that the Supreme Court erred when it denied her motion to relieve the attorney for the children in the December 2013 order. As a general rule, we do not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so (see Bray v Cox, 38 NY2d 350, 353). Here, the mother's appeal from the December 2013 order was dismissed for failure to perfect (see id. at 353), and we decline to exercise our jurisdiction to determine the merits of this issue as it could have been raised on that appeal.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court