Matter of Ja'Dore G. (Cannily G.) (2019 NY Slip Op 01305)





Matter of Ja'Dore G. (Cannily G.)


2019 NY Slip Op 01305


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8451 8450 8449 8448

[*1]In re Ja'Dore G., A Child Under Eighteen Years of Age, etc., Cannily G., (Anonymous), et al.,Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. Syeita G. (Anonymous), Nonparty Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Cannily G., appellant.
Thomas R. Villecco, Jericho, for Beverly R., appellant.
Steven N. Feinman, White Plains, for Barrymore S., appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan Popolow of counsel), for Administration for Children's Services, respondent.
Douglas H. Reiniger, New York, for Syeita G., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about October 2, 2017, which, inter alia, after a hearing, found that respondent father neglected and derivatively abused the subject child, and that respondents paternal grandparents neglected the child, unanimously modified, on the law and facts, to vacate the finding of derivative abuse as against the father, and otherwise affirmed, without costs.
The evidence supports the Family Court's finding that the paternal grandparents were persons legally responsible for the subject child within the meaning of Family Court Act § 1012(g). The testimony of the mother and of the agency caseworker showed that the child visited the grandparents' home approximately every other weekend, often spending the night, and the grandparents cared for him during these visits, permitting an inference of "substantial familiarity" between them (Matter of Christopher W., 299 AD2d 268, 268 [1st Dept 2002]; see Matter of Yolanda D., 88 NY2d 790, 796 [1996]). The testimony further established that the grandparents cared for the subject child as part of their familial role, and thus were persons legally responsible (see Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1006 [2015]).
In addition, a preponderance of the evidence established that the grandparents neglected the six-year-old child where he repeatedly disclosed that his 16-year-old cousin was sexually abusing his six-year-old half-brother, and the grandparents failed to protect the child from abuse (see Matter of Diana N. [Kim N.], 139 AD3d 573, 574 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). The court properly credited the corroborated out-of-court statements of the child and his [*2]half-brother that the grandparents were aware of the abuse (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118 [1987]), and there exists no basis to disturb the court's credibility findings (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
The finding of neglect as against the father was also supported by a preponderance of the evidence where testimony indicated that he was aware of the sexual abuse occurring, but failed to protect the subject child (see Diana N. at 574). Moreover, two acts of domestic violence committed by the father provided another basis for the finding of neglect against him. During the first incident, in which he assaulted the mother outside of the courthouse in connection with a child support proceeding, the mother sustained visible injuries, and ultimately retreated from seeking child support. The second incident occurred when the father was picking up the child for a visit, and thus was sufficient to establish that the child was in imminent danger of physical impairment (see Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]). Further, there was evidence that the father neglected the child by engaging in sexual activity in his presence, contributing to the six-year-old's inappropriate knowledge of sexual behavior (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540 [1st Dept 2018]).
However, as petitioner and the attorney for the child effectively concede by failing to raise any arguments in opposition, the Family Court erred in finding that the father derivatively abused the child based on the cousin's out-of-court statement that the father sexually abused him several years earlier. Because the cousin's statement was uncorroborated by any other evidence, it was insufficient to support a finding of sexual abuse (see Matter of Nicole V., 71 NY2d at 123-124), and, in turn, a finding of derivative abuse.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK