Matter of J.D. (S.A.--M.A.) (2021 NY Slip Op 04274)





Matter of J.D. (S.A.--M.A.)


2021 NY Slip Op 04274


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Docket No. 2020-01019, 2020-03982 Appeal No. 14175-14176 Case No. NA-10204/17, NA-10206/17 

[*1]In the Matter of J.D., and Others, Children Under Eighteen Years of Age, etc., S.A., Respondent-Appellant, M.A., and Another, Children-Appellants, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Bear, New York, for S. A., appellant.
Larry S. Bachner, New York, for M. A. and E. A., children-appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child J. D.



Orders of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about January 8, 2020, to the extent they bring up for review a fact-finding order, same court and Judge, entered on or about January 7, 2020, which found that respondent neglected and abused J.D. (the child) and derivatively neglected and abused the adoptive children M.A. and E.A., and order, same court and Judge, entered on or about May 26, 2019, which granted the child's motion to quash a subpoena compelling his testimony, unanimously affirmed, without costs.
The determination that respondent abused the child is supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). Two caseworkers testified about detailed out-of-court statements made by the child, who described respondent's sexual abuse to them and in forensic interviews. The child's out-of-court statements were further corroborated by the testimony of the child's older sibling, who disclosed that when the sibling was the child's age, the respondent sexually abused the sibling in nearly an identical manner as the child described (see Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]), and by two explicit photographs of the child with respondent's hand on the child's buttocks. We also take judicial notice of respondent's subsequent conviction, upon his plea, to a criminal offense arising from the abuse alleged in the petition (see Matter of Diana N. [Kim N.], 139 AD3d 573, 574 [1st Dept 2016], lv denied 28 NY3d 902 [2016]; see also generally Leary v Bendow, 161 AD3d 420, 421 [1st Dept 2018]).
Family Court providently exercised its discretion in granting the child's motion to quash respondent's subpoena compelling the child to testify at the fact-finding hearing, taking into consideration the child's social worker's opinion that testifying would be highly stressful and psychologically harmful to the child, who had been diagnosed with PTSD (see Matter of Lesli R. [Luis R.], 138 AD3d 488, 489 [1st Dept 2016]).
The determination that respondent derivatively neglected and abused his adoptive children is supported by a preponderance of the evidence. Respondent's long-term sexual abuse of the child, his godchild, while his children were in the home demonstrates "such an impaired level of parental judgment as to create a substantial risk of harm" to his children (Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]; see also Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021