Matter of Lillyana M. (Rondell M.) (2024 NY Slip Op 04683)

Matter of Lillyana M. (Rondell M.)

2024 NY Slip Op 04683

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

602 CAF 23-01120

[*1]IN THE MATTER OF LILLYANA M. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; RONDELL M., RESPONDENT-APPELLANT.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR RESPONDENT-APPELLANT. 
AMY L. HALLENBECK, GLOVERSVILLE, FOR PETITIONER-RESPONDENT.
CATHERINE M. SULLIVAN, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oswego County (Allison J. Nelson, J.), entered June 23, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of abandonment. We affirm.
Social Services Law § 384-b (5) (a) provides that "a child is 'abandoned' by [their] parent if such parent evinces an intent to forego [their] parental rights and obligations as manifested by [their] failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency." A petition for termination of parental rights on the ground of abandonment may be granted when the parent engages in such behavior "for the period of six months immediately prior to the date on which the petition is filed" (§ 384-b [4] [b]). "In the absence of evidence to the contrary, [the parent's] ability to visit and communicate shall be presumed" (§ 384-b [5] [a]). Here, the evidence at the hearing established that, during the relevant six-month period, the father did not visit with the child, send her cards or gifts, pay any support for her, or communicate with the child's caretakers. The father's sporadic and insubstantial contact with petitioner's caseworkers, which we note was initiated almost entirely by the caseworkers rather than the father, did not preclude the finding of abandonment (see Matter of Tonasia K., 49 AD3d 1247, 1248 [4th Dept 2008]).
We reject the father's contention that petitioner failed to establish abandonment because it discouraged him from having a relationship with the child by not accommodating his request to visit the child in Onondaga County, where he lived, instead of Oswego County, where the child lived; by not suggesting to him that he send the child letters, cards, or gifts; and by never requesting that he pay child support. "In the abandonment context, '[a] court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent to perform the acts specified in [Social Services Law § 384-b (5) (a)]' " (Matter of Gabrielle HH., 1 NY3d 549, 550 [2003], quoting Social Services Law § 384-b [5] [b]; see Matter of Lundyn S. [Al-Rahim S.], 128 AD3d 1406, 1407 [4th Dept 2015]). Rather, it was the father's burden, which he failed to meet, "to show that there were circumstances rendering contact with the child or agency infeasible, or that he was discouraged from doing so by the agency" (Matter of Regina A., 43 AD3d 725, 725 [1st Dept 2007]; see Matter of Najuan W. [Stephon W.], 184 AD3d 1111, 1112 [4th Dept 2020]; Matter of Miranda J. [Jeromy J.], 118 AD3d 1469, 1470 [4th Dept 2014]). [*2]Although the father indicated to a caseworker that he had a medical reason why he could not travel to Oswego County, the documentation he provided in support of that claim was over a year old, and the father was unable, when asked, to provide updated documentation. The evidence at the trial also established that the father was able to travel to Oswego County for court proceedings.
The father's contention that Family Court was biased against him and impermissibly acted as an advocate for petitioner is not preserved for our review (see Matter of Anthony J. [Siobvan M.], 224 AD3d 1319, 1319 [4th Dept 2024]; Matter of Melish v Rinne, 221 AD3d 1560, 1561 [4th Dept 2023]; Matter of Dominique M., 85 AD3d 1626, 1626 [4th Dept 2011], lv denied 17 NY3d 709 [2011]) and is without merit in any event. The fact that the court reserved decision on petitioner's motion to withdraw a prior petition for termination of the father's parental rights does not demonstrate bias (see generally Melish, 221 AD3d at 1561). Moreover, "a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial" so long as the court does not "take on the function or appearance of an advocate" (Matter of Yadiel Roque C., 17 AD3d 1168, 1169 [4th Dept 2005] [internal quotation marks omitted]). Here, the court questioned one witness, and the questioning was nonadversarial and served to clarify the witness's testimony (see Dominique M., 85 AD3d at 1626; Capodiferro v Capodiferro, 77 AD3d 1449, 1450 [4th Dept 2010]).
We reject the father's contention that he was denied effective assistance of counsel. "It is axiomatic that, because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (Matter of Kelsey R.K. [John J.K.], 113 AD3d 1139, 1140 [4th Dept 2014], lv denied 22 NY3d 866 [2014] [internal quotation marks omitted]). Here, we conclude that "the record, viewed in totality, reveals that the father received meaningful representation" (Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360 [4th Dept 2021]; see Matter of Mirah J.P. [Marquis P.], 213 AD3d 1219, 1220 [4th Dept 2023]; Matter of Nykira H. [Chellsie B.-M.], 181 AD3d 1163, 1165 [4th Dept 2020]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court