■ In the Matter of RUTH M. CALLAHAN, Appellant, v LAWRENCE J. SMITH, Respondent. [805 NYS2d 157]—

Carpinello, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 16, 2005, which, inter alia, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to vacate a prior order of the court.

The parties, who are the parents of a son now eight years old, lived together in Ohio until late June 2004, when petitioner came to New York with the child. By petition dated July 9, 2004, she commenced this proceeding requesting Family Court to, among other things, exercise temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c alleging, among other things, that respondent made disturbing accusations and/or requests of a sexual nature concerning her children (including the child at issue) and threatened to kill her. Upon respondent's default in the matter, petitioner was granted custody by order entered August 23, 2004. In its decision, the court found "sufficient ground to support the granting of [the] order."

On December 20, 2004, respondent moved to vacate the order

alleging that he had already commenced his own custody proceeding in Ohio on June 25, 2004, and that petitioner had fled with the child without his notice or consent. At a March 2005 hearing on respondent's motion, there was a dispute between the parties concerning whether there was in fact a pending proceeding in Ohio. Family Court made no effort to confirm or deny this fact, despite the clear mandate of Domestic Relations Law § 76-c (4).[1] In addition, Family Court stated at the hearing that it was "not aware of any emergency with regard to the child, as opposed to [petitioner] herself personally[,] that required the court last summer to exercise any kind of emergency jurisdiction." The court repeated this sentiment a few more times during the hearing, namely, that there was no emergency "affecting the child." Based on this reasoning, Family Court granted respondent's motion and vacated the prior order. We now reverse.

Family Court's decision to vacate the prior order on the ground that there was no emergency affecting the parties' child ignores the clear and unequivocal language of Domestic Relations Law § 76-c (1), which states, as relevant here, that "[a] court of this state has temporary emergency jurisdiction if the child is present in this state and . . . it is necessary in an emergency to protect the child, a sibling or *parent of the child*" (emphasis added). This statutory provision is part of the Uniform Child Custody Jurisdiction and Enforcement Act, which was enacted effective April 28, 2002 and repealed the Uniform Child Custody Jurisdiction Act (*see* L 2001, ch 386). Indeed, the legislative history of the Uniform Child Custody Jurisdiction and Enforcement Act makes clear that the expansion of the statute to include danger to a parent is reflective of "an increased awareness and understanding of domestic violence" (Sobie, Practice Commentaries, McKinney's Cons of Laws of NY, Book 14, Domestic Relations Law § 76-c, 2005 Pocket Part, at 109; *see* Domestic Relations Law § 75 [2]; *see generally* Sponsor's Mem, 2001 McKinney's Session Laws of NY, at 1558-1560; Bill Jacket, L 2001, ch 386).

Thus, Family Court, having apparently believed that an emergency did indeed exist with respect to petitioner at the time of its original determination, should have continued its assump-

---

1. Domestic Relations Law § 76-c (4) provides, as relevant here, that "[a] court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in . . . a court of a state having jurisdiction under [sections 76 through 76-b] of this title, *shall* immediately communicate with the other court" (emphasis added).

tion of temporary emergency jurisdiction.[2] Moreover, at the very least, Family Court was obligated, upon being informed that a proceeding was pending in Ohio, to "immediately communicate with the [Ohio] court" (Domestic Relations Law § 76-c [4]; *compare* Domestic Relations Law § 75-i).[3] We therefore remit the matter to Family Court for compliance with the statute.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.

**2.** The duration of an order exercising temporary emergency jurisdiction is guided by whether there is a previous child custody proceeding or determination in a court of another state (*compare* Domestic Relations Law § 76-c [2], *with* [3]). Here, there was a dispute concerning whether a proceeding was pending in Ohio. Resolution of this dispute will aid the court in determining the duration of the temporary order.

**3.** To this end, we note that, even though respondent originally defaulted, Family Court should have still immediately communicated with the Ohio court since petitioner herself, then pro se, notified the court at an August 18, 2004 appearance that respondent "has filed [in Ohio], but there has been no court date set" (*see* n 1, *supra*).