In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Richmond County (McElrath, J.), dated May 25, 2007, which, after a hearing, in effect, granted the father’s motion to dismiss the petition.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.
In 2005, the mother, who was living with the father and their three children in Pennsylvania, relocated with the children to Staten Island. The father remained in Pennsylvania.
In an order dated January 10, 2005 (hereinafter the Pennsylvania custody order), a Pennsylvania court awarded the mother and father joint legal custody of the children. In addition, the mother was awarded physical custody of the children, and the father was awarded certain visitation.
The mother commenced the instant family offense proceeding in the Family Court, Richmond County, by filing a petition dated December 18, 2006. Approximately one week later, she commenced a custody proceeding pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter the UCCJEA) in the same court, seeking to have the Pennsylvania custody order modified so as to award her sole legal and physi *790 cal custody of the children. In support of the petitions, the mother, who sought an order of protection directing the father to stay away from the children, alleged, inter alia, that the father committed certain abusive acts against the children when they visited him in Pennsylvania.
The Family Court, observing that the UCCJEA gave Pennsylvania exclusive, continuing jurisdiction over the matter (see Domestic Relations Law §§ 76-a, 76-b), exercised temporary emergency jurisdiction (see Domestic Relations Law § 76-c [1]). In connection with this, the Family Court issued temporary orders of protection directing the father to stay away from the children. The Family Court also directed the Administration for Children’s Services (hereinafter the ACS) to investigate the situation. The ACS then provided the Family Court with a report, and, upon the court’s directive, an updated report.
While the mother’s proceedings were pending, the father commenced a custody proceeding in the Pennsylvania court, seeking to have the Pennsylvania custody order modified so as to award him sole legal and physical custody of the children. In support of his petition, the father alleged, inter alia, that the mother was interfering with his relationship with the children by making false reports of abuse.
When the parties appeared before the Family Court on February 5, 2007, the mother asserted that the Family Court was obligated to communicate with the Pennsylvania court. However, the Family Court refused to contact the Pennsylvania court.
On February 21, 2007, the Pennsylvania court issued an “interim” custody order in the father’s custody proceeding, which, inter alia, awarded the father certain visitation with the children. One month later, the Family Court, upon being advised of the issuance of that order, observed that the Pennsylvania court was exercising its exclusive, continuing jurisdiction.
In the order appealed from, the Family Court dismissed the family offense proceeding. In support of its determination, the Family Court, which would also issue an order dismissing the mother’s custody proceeding on the ground that the court lacked subject matter jurisdiction, found that “[i]n the interests of justice, judicial economy and in order to avoid inconsistent and/or contradictory orders,” the family offense proceeding “should be litigated as an ancillary matter” to the father’s custody proceeding in Pennsylvania. .
On appeal, the mother contends that before dismissing the family offense proceeding, the Family Court should have communicated with, and transmitted certain information to, the Pennsylvania court. We agree.
*791 The UCCJEA provides that a “court of this state which has been asked to make a child custody determination” pursuant to the exercise of its temporary jurisdiction, “upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having” exclusive, continuing jurisdiction, “shall immediately communicate with the other court” (Domestic Relations Law § 76-c [4]; see Domestic Relations Law § 75-i [1]). Here, the Family Court, which was exercising temporary emergency jurisdiction, was asked to, and did, make a “[c]hild custody determination,” as the mother sought, and granted temporary orders of protection precluding the father from exercising his visitation rights under the Pennsylvania custody order (see Domestic Relations Law § 75-a [3]; see also Domestic Relations Law § 75-a [4]). Accordingly, when the Family Court was advised of the commencement of the father’s custody proceeding, an obligation to communicate with the Pennsylvania court was triggered (see Matter of Callahan v Smith, 23 AD3d 957, 958-959 [2005]).
Under these circumstances, we reverse the order appealed from, and remit the matter to the Family Court, Richmond County, which shall immediately communicate with the Pennsylvania court, provide that court with the ACS reports and all pleadings, orders, court-ordered investigations, and other pertinent records from the instant proceeding (cf. Domestic Relations Law § 75-k), and redetermine the father’s motion to dismiss the petition.
The mother’s remaining contentions are without merit. Mastro, J.P, Skelos, Covello and Leventhal, JJ., concur.