■ In the Matter of CHRISTINA E. SANTIAGO, Appellant, v DOUGLAS J. RILEY, Respondent. [915 NYS2d 99]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), dated October 7, 2009, which dismissed the proceeding and vacated a temporary order of protection dated July 21, 2009.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, the temporary order of protection dated July 21, 2009, is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The mother's family offense petition gave rise to a child custody proceeding within the meaning of the Uniform Child Custody Jurisdiction and Enforcement Act, article 5-A of the Domestic Relations Law (hereinafter UCCJEA) (Domestic Rela-

tions Law § 75-a [4]). Under Domestic Relations Law § 75-a (4), a "child custody proceeding" is defined, in part, as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear."

In her petition, the mother claimed that the father had committed numerous acts of physical and verbal abuse against her and the children, and asserted, in effect, that the children were at imminent risk of harm. Domestic Relations Law § 76-c, part of the UCCJEA, "provides that a New York court has temporary emergency jurisdiction where the child is present in New York and the child has been abandoned or it is necessary in an emergency to protect the child, a sibling, or parent of the child" (*Matter of Hearne v Hearne*, 61 AD3d 758, 759 [2009]; *see* Domestic Relations Law § 76-c [1]).

Here, after the instant proceeding commenced, the Family Court learned that the father had filed a child custody petition in Delaware. Upon learning of the Delaware proceeding, the Family Court complied with the statutory requirement that it immediately communicate with the Delaware court (*see* Domestic Relations Law § 76-c [4]). The Family Court also learned that the father had failed to submit an affidavit of service demonstrating that the mother had been served in that proceeding. Notwithstanding the foregoing, the Family Court dismissed the instant proceeding. This was error.

Since it is undisputed that, at the relevant times, the children were present in New York, it was incumbent upon the Family Court to determine whether, under the circumstances presented and in light of the allegations set forth in the petition, it was necessary "to protect the child, a sibling or parent of the child" (Domestic Relations Law § 76-c [1]; *see Matter of Noel D. v Gladys D.*, 6 Misc 3d 1017[A], 2005 NY Slip Op 50092[U] [2005]). Accordingly, we conclude that the Family Court erred in dismissing the proceeding on the ground that there was a proceeding pending in Delaware, without first determining whether it should continue to exercise its temporary emergency jurisdiction because it was "necessary in an emergency to protect the child, a sibling or parent of the child" (Domestic Relations Law § 76-c [1]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.