■ In the Matter of TIN TIN, Respondent, v THAR KYI, Appellant. [938 NYS2d 407]—

Memorandum: Respondent father appeals from an order granting custody of the parties' two children to petitioner mother, with visitation to the father as the parties agree. We reject the father's contention that there was not a sufficient evidentiary basis in the record for Family Court to determine that an award of custody to the mother was in the best interests of the children. The court conducted a fact-finding hearing at which the mother testified without contradiction that the father had physically and verbally abused her and that he had physically abused one of the children. The mother further testified that the father threatened her life shortly before the hearing. The father did not testify at the hearing and called no witnesses. In its findings of fact, the court stated that it found the mother to be credible. We therefore conclude that there was a sufficient evidentiary basis for the court to award custody of the children to the mother (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]). "Evidence of the [father's] acts of domestic violence demonstrates that [he] possesses a character [that] is ill-suited to the difficult task of providing [his] young child[ren] with moral and intellectual guidance" (*Matter of Moreno v Cruz*, 24 AD3d 780, 781 [2005], *lv denied* 6 NY3d 712 [2006]; *see Costigan v Renner*, 76 AD3d 1039, 1040 [2010], *lv denied* 17 NY3d 704 [2011], *rearg denied* 17 NY3d 891 [2011]; *Matter of Julie v Wills*, 73 AD3d 777 [2010]). We further conclude that the court sufficiently "state[d] the facts it deem[ed] essential" to its decision (CPLR 4213 [b]; *see* Family Ct Act § 165 [a]; *Matter of Rocco v Rocco*, 78 AD3d 1670 [2010]).

Finally, contrary to the father's contention, we conclude that the court had subject matter jurisdiction over the custody proceeding pursuant to Domestic Relations Law § 76-c, based on evidence that the father had committed acts of physical violence against the mother and one of the children (*see Matter*

*of Callahan v Smith*, 23 AD3d 957, 958 [2005]). Although emergency jurisdiction is generally temporary, the court was authorized to make a permanent custody award because no other custody proceeding had been instituted in a competing forum and New York had become the children's home state following commencement of the proceeding (*see* § 76-c [2]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.