# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**184**

**CAF 11-00647**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF TIN TIN,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

THAR KYI, RESPONDENT-APPELLANT.

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

NORMAN P. DEEP, ATTORNEY FOR THE CHILDREN, ROME, FOR ALI T. AND CHIT
M.

---

Appeal from an order of the Family Court, Oneida County (James R.
Griffith, J.), entered March 9, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order, inter alia, granted custody of
the parties' children to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order granting
custody of the parties' two children to petitioner mother, with
visitation to the father as the parties agree.  We reject the father's
contention that there was not a sufficient evidentiary basis in the
record for Family Court to determine that an award of custody to the
mother was in the best interests of the children.  The court conducted
a fact-finding hearing at which the mother testified without
contradiction that the father had physically and verbally abused her
and that he had physically abused one of the children.  The mother
further testified that the father threatened her life shortly before
the hearing.  The father did not testify at the hearing and called no
witnesses.  In its findings of fact, the court stated that it found
the mother to be credible.  We therefore conclude that there was a
sufficient evidentiary basis for the court to award custody of the
children to the mother (*see generally Eschbach v Eschbach*, 56 NY2d
167, 171-174).  "Evidence of the [father's] acts of domestic violence
demonstrates that [he] possesses a character [that] is ill-suited to
the difficult task of providing [his] young child[ren] with moral and
intellectual guidance" (*Matter of Moreno v Cruz*, 24 AD3d 780, 781, *lv
denied* 6 NY3d 712; *see Costigan v Renner*, 76 AD3d 1039, 1040, *lv
denied* 17 NY3d 704, *rearg denied* 17 NY3d 891; *Matter of Julie v Wills*,
73 AD3d 777).  We further conclude that the court sufficiently
"state[d] the facts it deem[ed] essential" to its decision (CPLR 4213
[b]; *see* Family Ct Act § 165 [a]; *Matter of Rocco v Rocco*, 78 AD3d

1670).

Finally, contrary to the father's contention, we conclude that the court had subject matter jurisdiction over the custody proceeding pursuant to Domestic Relations Law § 76-c, based on evidence that the father had committed acts of physical violence against the mother and one of the children (*see Matter of Callahan v Smith*, 23 AD3d 957, 958).  Although emergency jurisdiction is generally temporary, the court was authorized to make a permanent custody award because no other custody proceeding had been instituted in a competing forum and New York had become the children's home state following commencement of the proceeding (*see* § 76-c [2]).

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court