■ In the Matter of MILAGRO T., Appellant, v MANYOLIN G.P., Respondent. [963 NYS2d 590]—

In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Stack, J.H.O.), dated May 1, 2012, which, sua sponte, dismissed the petition on the ground that the Family Court lacked subject matter jurisdiction to appoint a guardian for the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that in the interim and until further order of the Family Court, Nassau County, the court's temporary order of guardianship dated May 1, 2012, shall remain in effect.

The Family Court erred in, sua sponte, dismissing the instant guardianship petition on the ground that it lacked subject matter jurisdiction. Although a court of this state may not modify a child custody determination made by a court of another state "unless . . . [t]he court of the other state determines it no longer has exclusive, continuing jurisdiction . . . or that a court of this state would be a more convenient forum" (Domestic Relations Law § 76-b [1]; see Stocker v Sheehan, 13 AD3d 1, 6 [2004]), the record here does not contain any competent evidence demonstrating that there is an existing child custody determination that had been made by a court of another state (cf. Matter of Calvo v Herring, 51 AD3d 916, 917 [2008]).

Furthermore, even if there was competent proof establishing the existence of an existing child custody determination that had been made by a court of another state, under the particular circumstances of this case, the Family Court erred in, sua sponte, dismissing the petition for lack of subject matter jurisdiction without first considering whether it was appropriate to exercise temporary emergency jurisdiction pursuant to Domestic Relations Law § 76-c (see generally Matter of Callahan v Smith, 23 AD3d 957, 958-959 [2005]; Matter of Woods v Woods, 56 AD3d 789, 791 [2008]).

Under these circumstances, the order appealed from must be reversed and the matter remitted to the Family Court, Nassau County. In the interim and until further order of the Family Court, Nassau County, the court's temporary order of guardian-

ship dated May 1, 2012, shall remain in effect. Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.