■ In the Matter of DAWN RODRIGUEZ, Petitioner, v RODOLFO RODRIGUEZ, Respondent. DEVON RODRIGUEZ, Nonparty Appellant. [987 NYS2d 632]—

In a child custody proceeding pursuant to Family Court Act article 6, commenced by the mother to modify the custody provisions of an order of the Circuit Court of the 11th Judicial Circuit for Miami-Dade County, Florida, dated April 29, 2011, so as to award the mother sole custody of the subject child, the child appeals, as limited by his brief, from so much of an order of the Family Court, Rockland County (Eisenpress, J.), dated August 2, 2013, as, upon transferring the petition to the State of Florida, failed to determine whether the child, who has been in the mother's temporary physical custody pursuant to an order of the same court dated July 30, 2013, which was to expire on August 16, 2013, was in imminent risk of harm if he were to be returned to the father while the petition was pending. By decision and order on motion dated September 19, 2013, this Court granted that branch of the child's motion which was to stay enforcement of the order dated August 2, 2013, to the extent of directing that temporary physical custody of the child shall remain with the mother pending either hearing and determination of the appeal by this Court or a determination of the issue of whether the child is in imminent risk of harm by either the Family Court, Rockland County, or a court in the State of Florida, whichever occurs first.

Ordered that the order dated August 2, 2013, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for further proceedings in accordance herewith; and it is further,

Ordered that in the interim and until further order of the Family Court, Rockland County, temporary physical custody of the child shall remain with the mother.

In July 2013, the mother commenced this proceeding to modify the custody provisions of an order issued by the Circuit Court of the 11th Judicial Circuit for Miami-Dade County, Florida, entered on consent by the parents, so as to award her sole custody of the subject child, who had been living with the father in Florida. The petition alleged physical and verbal abuse by the

father, and that the father was dealing illegal drugs in the child's presence. In an order dated July 31, 2013, the Family Court awarded temporary physical custody to the mother, but only until August 16, 2013. Although the Family Court found that the mother made a prima facie showing for a hearing on the issue of whether the child was in imminent risk of harm if he were to be returned to the father while the petition was pending, the Family Court determined that Florida was the proper venue to make a determination on that issue, and declined to do so itself. In the order appealed from, the Family Court transferred the petition to the State of Florida.

We note that, since the issuance of the order appealed from, no proceedings have taken place on the petition in the State of Florida.

Under the circumstances of this case, we agree with the child that the Family Court itself should have held the hearing on the issue of imminent harm and made a determination on that issue (*see* Domestic Relations Law § 76-c; *Matter of Milagro T. v Manyolin G.P.*, 105 AD3d 1052 [2013]; *Matter of Tin Tin v Thar Kyi*, 92 AD3d 1293, 1293-1294 [2012]; *Matter of Callahan v Smith*, 23 AD3d 957, 958-959 [2005]).

Accordingly, we reverse the order dated August 2, 2013, insofar as appealed from, vacate the provision of that order transferring the petition to the State of Florida, and remit the matter to the Family Court, Rockland County, for a hearing and determination on the issue of whether the child is at imminent risk of harm if he is to be returned to the father while the petition is pending. In the interim and until further order of the Family Court, Rockland County, temporary physical custody of the child shall remain with the mother. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.