■ In the Matter of DELYBE C. and Another, Infants. SONIA S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [994 NYS2d 96]—

Order, Family Court, New York County (Douglas E. Hoffman, J., pursuant to CPLR 9002, upon a decision by Jody Adams, J.), entered on or about August 8, 2013, which denied respondent mother/grandmother's motion to vacate an order of fact-finding entered upon her default, which determined that she had neglected the subject children, unanimously affirmed, without costs.

Regardless of whether respondent failed to provide a reasonable excuse for her default, she failed to set forth a meritorious defense to the neglect petition (*see* CPLR 5015 [a]; *Matter of Samuel V.S. [Shamea L.]*, 89 AD3d 566, 567 [1st Dept 2011]). Petitioner agency demonstrated by a preponderance of the evidence that the children's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of respondent's long-standing untreated mental illness (Family Ct Act § 1012 [f] [i] [B]). The record shows that respondent resisted treatment, despite attempting suicide a month before the filing of the neglect petition, and that she continued to have suicidal thoughts until her involuntary hospitalization (*see Matter of Naomi S. [Hadar S.]*, 87 AD3d 936, 937 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). Further, there was evidence that respondent repeatedly left her young grandson in the house without appropriate supervision, and was unable or unwilling to provide appropriate guardianship for her teenage daughter, who has now reached the age of majority. Respondent's contention

that she was actively planning for the children's safety before she was admitted to the hospital is insufficient because it rests solely upon her counsel's affirmation (*see Matter of Samuel V.S.*, 89 AD3d at 567). Concur—Tom, J.P., Friedman, Gische and Kapnick, JJ.