Matter of Alger v Jacobs (2019 NY Slip Op 00766)





Matter of Alger v Jacobs


2019 NY Slip Op 00766


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1220 CAF 16-02198

[*1]IN THE MATTER OF SARAH ALGER, PETITIONER-RESPONDENT,
v
RYAN JACOBS, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






TYSON BLUE, MACEDON, FOR RESPONDENT-APPELLANT. 
SUSAN GRAY, CANANDAIGUA, FOR PETITIONER-RESPONDENT.
MARYBETH D. BARNET, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Stephen D. Aronson, A.J.), entered July 27, 2016 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner and the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order of protection, directing him to stay away from petitioner mother and the parties' child, which was issued upon a finding that he committed a family offense. In appeal No. 2, the father appeals from an order that granted the mother's custody and visitation petition and awarded her sole custody of the child. In both appeals, the father's sole contention is that Family Court erred in denying his motion to dismiss the petitions for lack of subject matter jurisdiction. We reject the father's contention.
Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Domestic Relations Law art 5-A), a New York court has jurisdiction to make an initial child custody determination under very limited circumstances, none of which apply here (see § 76 [1] [a]-[d]). Nevertheless, section 76-c states in relevant part that New York courts have "temporary emergency jurisdiction if the child is present in this state and . . . it is necessary in an emergency to protect the child, a sibling or parent of the child" (§ 76-c [1]). Contrary to the father's contention, the court properly determined that it had temporary emergency jurisdiction over both proceedings. Inasmuch as it is undisputed that the child was present in New York State when the mother filed the petitions and both proceedings fit within the UCCJEA's broad definition of child custody proceedings (see § 75-a [4]; see generally Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 86 [4th Dept 2011], appeal dismissed 19 NY3d 845 [2012]), the only real issue is whether there was an emergency within the meaning of section 76-c (1).
As the mother correctly contends, Domestic Relations Law § 76-c (1) applies to emergencies involving parents. The UCCJEA specifically notes that it was enacted with the intent of, inter alia, protecting victims of domestic violence (see § 75 [2]). Indeed, section 76-c was rephrased from " it is necessary in an emergency to protect the child' " to " it is necessary in an emergency to protect the child, a sibling or parent of the child' " (Unified Ct Sys Mem in Support, Bill Jacket, L 2001, ch 386 [emphasis added]). Thus, "the legislative history of the [UCCJEA] makes clear that the expansion of the statute to include danger to a parent is reflective of an increased awareness and understanding of domestic violence' " (Matter of Callahan v Smith, 23 AD3d 957, 958 [3d Dept 2005]).
We further agree with the mother and the Attorney for the Child that the allegations in the petitions were sufficient to establish the requisite emergency, i.e., they allege acts of physical violence perpetrated by the father against the mother, resulting in her hospitalization in an intensive care unit for several days (see e.g. Matter of Pamela N. v Aaron A., 159 AD3d 452, 452 [1st Dept 2018], lv dismissed 31 NY3d 1073 [2018]; Matter of Rodriguez v Rodriguez, 118 AD3d 1011, 1011-1012 [2d Dept 2014]; Matter of Tin Tin v Thar Kyi, 92 AD3d 1293, 1293 [4th Dept 2012], lv denied 19 NY3d 802 [2012]; cf. Matter of Ozdemir v Riley, 101 AD3d 884, 885 [2d Dept 2012]; Matter of Hearne v Hearne, 61 AD3d 758, 759 [2d Dept 2009]).
We reject the father's contention that there was no emergency in effect at the exact moment the mother filed the petitions. Although the father was incarcerated in Florida at the time the petition in appeal No. 2 was filed and thus posed no immediate threat to the mother's physical safety, the mother, who had been hospitalized for several days and suffered significant injuries, including a subdural hematoma, had no knowledge regarding when the father would be released. The mother therefore relocated to New York to be with family, who could help her with the then 11-month-old child, and to be safe in the event the father was released.
The father further contends that the court should have dismissed the petitions on the ground that New York was an inconvenient forum (see Domestic Relations Law § 76-f). The inconvenient forum statute applies only after it is determined that a court has subject matter jurisdiction. Indeed, inconvenient forum is a basis for the court to "decline to exercise its jurisdiction" (§ 76-f [1]). Inasmuch as the father's motion was limited to issues of subject matter jurisdiction, we conclude that the father has failed to preserve his contention for our review (cf. Matter of Eldad LL. v Dannai MM., 155 AD3d 1336, 1338
[3d Dept 2017]), and we decline to address it.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court