Matter of Gabriel R. (Jose R.--Shameeza K.) (2020 NY Slip Op 06465)





Matter of Gabriel R. (Jose R.--Shameeza K.)


2020 NY Slip Op 06465


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Docket No. NA-23662-5/17, NA-16938/18 Appeal No. 12348 Case No. 2019-03068 

[*1]In the Matter of Gabriel R., and Others, Children Under Eighteen Years of Age, etc., Jose R., Respondent-Appellant, Shameeza K., Respondent, Administration for Children's Services, Petitioner-Respondent. 


Bruce A. Young, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Larry Bachner, New York, for Gabriel R. and Nadya R., attorney for the Children.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), for Liam B., Alexia B. and Arianna B., attorney for the children.



Order of fact-finding and disposition (two papers), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about February 5, 2019, which, to the extent appealed from as limited by the briefs, found that respondent Jose R., sexually abused Arianna B., neglected Arianna B., Alexia B., Liam B., and Gabriel R., and derivatively neglected Nadia R., unanimously affirmed, without costs.
The court's determination that respondent sexually abused the eldest child, for whom he was legally responsible, is supported by a preponderance of the evidence. The court properly found that the child's detailed out-of-court statements were admissible because they were sufficiently corroborated by the expert testimony of a psychologist with a specialization in child abuse and trauma, who examined the child. The expert opined that the child's statements and demeanor were consistent with children who have been sexually abused and it was more likely than not that the child had been sexually abused (see Matter of Samantha F. [Edwin F.], 169 AD3d 549, 549-550 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]). Respondent's guilty plea to endangering the welfare of a child also provided sufficient corroboration to support the reliability of Arianna's out-of-court statements (see Matter of Milagros C. [Rosa R.], 121 AD3d 481 [1st Dept 2014]). Although repetition of the child of the same allegations does not provide corroboration, the consistency of her reported statements enhances their credibility. Further, respondent's decision not to testify warranted a negative inference against him (see Matter of David R. [Carmen R.], 123 AD3d 483, 484 [1st Dept 2014])
The finding that respondent used excessive corporal punishment was supported by testimony that Alexia and Liam reported that respondent had hit them with a belt. These out-of- court statements by the siblings provide cross-corroboration of excessive use of force by respondent against Alexia and Liam, and the statements were further corroborated by the grandmother's and uncle's testimony that they saw belt marks on Liam and Alexia (see Matter of Jermaine J. [Howard J.], 121 AD3d 437 [1st Dept 2014]). The court acted within its discretion to consider a prior finding of neglect against appellant for inflicting excessive corporal punishment because the finding was based on the same conduct directed at appellant's older children (see Matter of Angie G. [Jose D.G.], 111 AD3d 404 [1st Dept 2013]).
The Family Court properly found that respondent neglected Arianna, Alexia, Liam, and Gabriel, all then under ten years old, by regularly leaving them home alone without supervision when he went to pick up the mother from her job in Manhattan (see Matter of Tavene H.[William G.], 139 AD3d 633, 634 [1st Dept 2016]; Matter of Delybe C.[Sonia S.], 121 AD3d 467 [1st Dept 2014]).
The finding of derivative neglect against respondent as to Nadya was appropriate, since his behavior evinced such an impaired level of judgment as to create a substantial risk of harm to her (see Matter of Kimberly H., 242 AD2d 35, 38 [1st Dept 1998]).
We have reviewed respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020