Matter of Levi L. (Deanna R.) (2022 NY Slip Op 01516)





Matter of Levi L. (Deanna R.)


2022 NY Slip Op 01516


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Docket No. NN-30479-80/17 Appeal No. 15483 Case No. 2019-3087 

[*1]In the Matter of Levi L. and Another, Children Under Eighteen Years of Age, etc., Deanna R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondent.



Order of fact-finding and disposition, Family Court, Bronx County (Elenor C. Cherry, J.), entered on or about March 26, 2019, which, after a fact-finding hearing, found that respondent mother neglected the subject children and, after a dispositional hearing, found that temporary emergency jurisdiction continued and ordered that the children be released to the care of the nonrespondent father until a court in the children's home state of Texas issued orders safeguarding their welfare, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the children by reason of her untreated mental illness, which led her to engage in conduct that placed the children in imminent risk of harm (see Matter of Sa'Fiyah D. [Mahogany R.], 158 AD3d 415 [1st Dept 2018]; see also Matter of Delybe C. [Sonia S.], 121 AD3d 467 [1st Dept 2014]). There had been previous child protective proceedings in Texas related to the mother's mental health conditions. The bizarre and erratic behavior that triggered this proceeding included her threatening to kill herself in front of the children and then driving them from their home in Texas to the father's home in the Bronx with a loaded, unlicensed gun, unsecured under her seat (see Matter of Leah M. [Anthony M.], 81 AD3d 434 [1st Dept 2011]).
There is no dispute that Family Court properly exercised temporary emergency jurisdiction over the proceeding at the outset and communicated with the Texas court assigned to the divorce proceeding commenced by the mother, which then issued an order confirming that the New York court had properly exercised jurisdiction. Family Court properly continued to exercise its emergency jurisdiction throughout the neglect proceedings in the absence of any orders from the Texas court safeguarding the children (see Domestic Relations Law § 76[1]; see Matter of Santiago v Riley, 79 AD3d 1045, 1046 [2d Dept 2010]). Regardless of whether the mother took steps to eliminate safety concerns by voluntarily resuming therapy, the court properly maintained jurisdiction to ensure the safety of the children during the pendency of the neglect proceedings until
the court in Texas, which remained the children's home state, stepped in to fill that function. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022