Matter of Chester HH. v Angela GG. (2022 NY Slip Op 05002)

Matter of Chester HH. v Angela GG.

2022 NY Slip Op 05002

Decided on August 18, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 18, 2022

535014
[*1]In the Matter of Chester HH., Appellant,
v
Angela GG., Respondent. Attorney for the Child, Appellant.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Lisa K. Miller, McGraw, for Chester HH., appellant.
Citizens Concerned for Children, Inc., Ithaca (Thomas G. Shannan of counsel), attorney for the child, appellant.
Christopher Hammond, Cooperstown, for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Tompkins County (Scott A. Miller, J.), entered March 14, 2022, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2007). The mother and the child reside in Michigan. Pursuant to a 2014 Michigan court order, the parties were granted joint legal custody of the child with the mother having sole physical custody and the father granted parenting time as the parties could agree. In January 2022, during his parenting time with the child in New York, the father filed a modification petition in Family Court seeking to modify the Michigan order on a temporary emergency basis pursuant to Domestic Relations Law § 76-c. The petition alleged neglect and abuse of the child by the mother and the mother's family. Initially, Family Court, ex parte, granted the father temporary sole legal custody and primary placement of the child, issued a temporary order of protection prohibiting contact between the mother and the child, and ordered the Department of Social Services to investigate the allegations contained in the petition.
In March 2022, the mother moved to dismiss the petition on the basis that Family Court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A [hereinafter UCCJEA]), as Michigan is the child's home state. She further argued that the allegations in the father's petition had been investigated by the Michigan Department of Health and Human Services (hereinafter MDHHS), which had found that they were not supported by a preponderance of the evidence. At the initial appearance, Family Court stated that it had communicated with the Michigan court and agreed that New York lacked jurisdiction pursuant to the UCCJEA as it was not the child's home state. Thereafter, Family Court simultaneously granted the mother's motion to dismiss the petition and vacated the temporary orders. At the same time, based on the MDHSS report attached to the mother's motion, the court denied the request by the attorney for the child (hereinafter AFC) to conduct a hearing to determine whether the risk of imminent harm to the child warranted the court to exercise temporary emergency jurisdiction. The AFC and the father appeal.[FN1]
Under the UCCJEA, a New York court has jurisdiction to make an initial child custody determination under certain limited circumstances (see Domestic Relations Law § 76 [1] [a]-[d]). Here, the parties agreed that, as Michigan is the home state of the child, none of these statutory factors apply. Nevertheless, Domestic Relations Law § 76-c provides that "New York courts have 'temporary emergency jurisdiction if the child is present in this state and it is necessary in an emergency to protect the child, a sibling or parent of the child'" (Matter of Alger v Jacobs, 169 AD3d 1415, [*2]1416 [4th Dept 2019] [ellipsis omitted], quoting Domestic Relations Law § 76-c [1]).
The AFC and the father contend that the allegations set forth in the petition were sufficient to warrant Family Court to conduct a hearing. We agree. In determining the mother's motion to dismiss, the allegations in the father's petition must be accepted as true, and the petition is to be afforded a liberal construction and afforded the benefit of every possible favorable inference (see Family Ct Act § 165 [a]; Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1481 [3d Dept 2020]; Matter of Gerard P. v Paula P., 186 AD3d 934, 937-938 [3d Dept 2020]). To survive the motion to dismiss, the father was required to establish that the child would be at risk of imminent harm if returned to the mother in Michigan and must be protected.
The father's petition included allegations concerning, among other things, that the mother engaged in a pattern of neglect by failing to properly dispose of garbage — causing a rodent infestation in the home;[FN2] that the home was without electricity and hot water for lengthy periods of time on numerous occasions; that the mother has mental and physical conditions rendering her unable to care for the house or the child; that the mother keeps the child out of school to ensure that the child is available to attend to her needs; that the mother failed to take the child to the doctor for approximately four years; and that she has verbally and mentally abused the child. The petition further contained allegations that the child's maternal uncle punched holes in the walls of the mother's residence while the child was present, was verbally abusive toward the child — including regarding the child's sexual orientation — and that the uncle may have sexually assaulted and/or raped the child on two occasions. Finally, the petition alleged that the child's maternal grandmother was verbally abusive and unsupportive of the child's gender identity. Applying the aforementioned standard to the petition, as we must on a motion to dismiss, we conclude that the father alleged sufficient facts to warrant a hearing as to whether an imminent risk exists (see Matter of Romena Q. v Edwin Q., 133 AD3d 1148, 1150 [3d Dept 2015]; Matter of Christina Z. v Bishme AA., 132 AD3d 1102, 1103 [3d Dept 2015]).
Family Court erred in relying on the unsigned and redacted MDHSS report, containing vague and contradictory hearsay statements made by an MDHSS caseworker, as support for its decision not to conduct a hearing (see Matter of Diana XX. v Nicole YY., 192 AD3d 235, 241 [3d Dept 2021]). The record confirms that the MDHSS report was the result of a less-than-thorough investigation that failed to address all of the father's allegations (cf. Matter of Segovia v Bushnell, 85 AD3d 1267, 1268 [3d Dept 2011]). "[I]t [i]s incumbent upon . . . Family Court to determine whether, under the circumstances presented and in light of the allegations set forth in the petition, it [i]s necessary [*3]to protect the child" (Matter of Santiago v Riley, 79 AD3d 1045, 1046 [2d Dept 2010] [internal quotation marks and citation omitted]). In light of all of the foregoing, we find that Family Court erred in summarily dismissing the petition for lack of jurisdiction prior to conducting a hearing to determine if it should continue its assumption of temporary emergency jurisdiction (see Matter of Rodriguez v Rodriguez, 118 AD3d 1011, 1012 [2d Dept 2014]; Matter of Milagro T. v Manyolin G.P., 105 AD3d 1052, 1052 [2d Dept 2013]; Matter of Jablonsky-Urso v Urso, 88 AD3d 711, 712-713 [2d Dept 2011]; Matter of Callahan v Smith, 23 AD3d 957, 958-959 [3d Dept 2005]). Cognizant of the imminent start of the new school year and the importance of the child being settled in the proper school district, we remit for Family Court to conduct such a hearing forthwith.
Egan Jr., J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision and, pending those proceedings, the terms of the temporary order of Family Court dated January 21, 2022 shall remain in effect on a temporary basis.

Footnotes

Footnote 1: In April 2022, this Court granted a stay of enforcement of the Family Court order dismissing the father's petition and reinstated the court's previous order granting the father sole custody of the child pending determination of this appeal.

Footnote 2: It was alleged that said infestation existed to the extent that the rodents' presence interfered with the child's ability to sleep, in that they physically crawled on the child during the night, that rodent feces littered the floor of the home and that the child has been forced to kill the rodents.