Matter of Nathaniel H. (Nathaniel H.--Dayalyn G.) (2023 NY Slip Op 00927)

Matter of Nathaniel H. (Nathaniel H.--Dayalyn G.)

2023 NY Slip Op 00927

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Docket No. NN3266/21 Appeal No. 17215-17215A Case No. 2022-00796 

[*1]In the Matter of Nathaniel H., A Child Under Eighteen Years of Age, etc., Nathaniel H., Respondent, Dayalyn G., Nonrespondent-Appellant.

Bruce A. Young, Edgewater, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.

Order, Family Court, Bronx County (Tracey A. Bing, J.) entered on or about September 15, 2021, which denied nonrespondent mother's motion seeking conversion of Family Court's temporary jurisdiction to permanent jurisdiction, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further findings. Order, same court and Judge, entered on or about February 10, 2022, which dismissed the underlying neglect proceeding, unanimously reversed, on the law and the facts, without costs, the petition and the temporary order of protection dated August 25, 2021, reinstated, and the matter remanded for further proceedings consistent with this order.
The nonrespondent mother appeals from two orders issued by Family Court in a neglect proceeding commenced by the Administration for Children's Services (ACS) on or about April 30, 2021. The petition alleges that the father neglected the child by committing acts of domestic violence against the mother, including in the child's presence, when they resided together in Texas, and that the mother had fled Texas with the child and moved to Virginia in September 2020, and then to New York in January 2021. Based on these allegations, Family Court properly exercised temporary emergency jurisdiction on May 3, 2021, when it issued a limited temporary order of protection in favor of the mother and child against the father, and ordered that the child be released to the mother with ACS supervision (Domestic Relations Law § 76-c[1]).
However, Family Court erred when, by order dated September 15, 2021, without first holding a hearing, it denied the mother's motion asking Family Court to convert its temporary emergency jurisdiction to permanent jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) or to continue its temporary emergency jurisdiction, and relinquished temporary emergency jurisdiction based on the existence of a custody proceeding filed by the father in Texas (see Matter of Dean v Sherron, 167 AD3d 1521 [4th Dept 2018]; Matter of Padmo v Kayef, 134 AD3d 942 [2d Dept 2015]; Matter of Joy v Kutzuk, 99 AD3d 1049 [3d Dept 2012], lv denied 20 NY3d 856 [2013]). Notably, the mother's application was supported by ACS and by the attorney for the child.
The legislative purpose of the UCCJEA is "to provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines and to do so in a manner that ensures that the safety of the children is paramount and that victims of domestic violence and child abuse are protected" (Domestic Relations Law § 75[2]). Section 76-c of the Domestic Relations Law ("temporary emergency jurisdiction") provides that, where the child is in "imminent risk of harm," an order issued under temporary emergency jurisdiction "shall remain in effect" until a court having UCCJEA jurisdiction "has taken steps to assure the protection of the child" (Domestic Relations Law § 76-c[2]).
Upon learning that the father [*2]had commenced a custody proceeding in Texas, Family Court properly communicated with the Texas court on May 13, 2021 (Domestic Relations Law §§75-i[1]; 76-c[4]). However, it does not appear that a record was made of that communication, as required under the statute (Domestic Relations Law § 75-i[4],[5]). Although, contrary to the mother's assertion, Family Court provided the parties the opportunity to raise jurisdictional arguments before it rendered its decision dismissing the neglect petition (Domestic Relations Law § 75-i[2]), they were undoubtedly hampered in doing so by the absence of a record.
Family Court improperly relinquished emergency jurisdiction for three reasons. First, there is no evidence in this record, and Family Court's order fails to state any basis for finding, that the Texas court had "home state" jurisdiction, since the child had not resided there for six months immediately preceding commencement of the father's Texas custody proceeding (Domestic Relations Law §§ 75-a[7]; 76[1][a]). Second, the record and Family Court's order are also devoid of any factual basis for finding that any of the alternative jurisdictional bases applied to Texas. There is no evidence that the child at that time had a "significant connection" with Texas or that "substantial evidence . . . concerning the child's care, protection, training and personal relationships" was available in Texas (Domestic Relations Law § 76[1][b]). Finally, given the allegations in the neglect petition and the fact that Family Court had been informed on or about June 3, 2021 that the Texas Department of Family and Protective Services would not investigate whether the father was a danger to the child because the mother and child resided in New York, Family Court should not have relinquished emergency jurisdiction "in the absence of any orders from the Texas court safeguarding the child[]" (Matter of Levi L., Deanna R., 203 AD3d 490, 490 [1st Dept 2022]; see also Matter of Santiago v Riley, 79 AD3d 1045, 1046 [2d Dept 2010]; Matter of Jamilah DD v Edwin EE., 152 AD3d 998 [3d Dept 2017]).
Moreover, it is not clear whether New York might have had jurisdiction to make an initial custody determination under Domestic Relations Law § 76(1)(b), given that the child had not lived in Texas for the preceding six months, had lived in New York with his mother when the father filed his Texas custody petition, and was receiving medical care, attending daycare, and receiving services through ACS here. Accordingly, Family Court should not have denied the mother's motion without first holding a hearing.
Since Family Court's dismissal of the neglect petition was based on its denial of the mother's motion and its relinquishment of temporary emergency jurisdiction, the petition must be reinstated and the matter remitted to Family Court for further proceedings, including additional factual findings relevant to whether there is imminent risk of harm to the child requiring continuation of [*3]the temporary order of protection "until a court of a state having jurisdiction. . . has taken steps to assure the protection of the child" (Domestic Relations Law § 76-c[2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023