Matter of John H. v Diana I. (2025 NY Slip Op 06003)

Matter of John H. v Diana I.

2025 NY Slip Op 06003

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-24-1907
[*1]In the Matter of John H., Appellant,
v
Diana I., Respondent. (And Another Related Proceeding.)

Calendar Date:September 8, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Fisher, JJ.

Christopher Hammond, Cooperstown, for appellant.

Clark, J.P.
Appeal from an order of the Family Court of Broome County (Mark Young, J.), entered October 30, 2024, which, among other things, in two proceedings pursuant to Family Ct Act articles 6 and 8, dismissed the petitions.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2009). In October 2024, the father filed a petition under Family Ct Act article 6 seeking to modify a prior order of custody that was issued in Pennsylvania. On the same day, the father filed a family offense petition against the mother alleging reckless endangerment and stalking. Family Court summarily dismissed both petitions, finding, as it pertained to the modification petition, that there was no basis to invoke its emergency jurisdiction to adjudicate the petition, which should have been filed in Pennsylvania. The court otherwise concluded that the family offense petition was "insufficient to go forward" since it did not allege facts that supported claims under Family Ct Act article 8. The court nevertheless determined that it would issue an order for a child protective investigation insofar as the family offense petition did "raise child protective concerns." The father appeals.

We affirm. Contrary to the father's contention, there was no basis for Family Court to invoke emergency jurisdiction under Domestic Relations Law § 76-c (1) to resolve his custody petition.[FN1] In the absence of subject matter jurisdiction under Domestic Relations Law § 76-b to modify a custody determination from another state, a court of this state may invoke "temporary emergency jurisdiction if the child is present in this state and . . . it is necessary in an emergency to protect the child, a sibling or parent of the child" (Domestic Relations Law § 76-c [1]; accord Matter of Chester HH. v Angela GG., 208 AD3d 945, 947 [3d Dept 2022]). To exercise emergency jurisdiction, the emergency must be "real and immediate, and of such a nature as to require state intervention to protect the child[ ] from imminent physical or emotional danger" (Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 87 [4th Dept 2011] [internal quotation marks, brackets and citation omitted], appeal dismissed 19 NY3d 845 [2012]). Even assuming the child was present in this state at the time the father filed his petitions — a determination that cannot be made on this record — the only allegation that could have supported emergency jurisdiction concerned a situation that was resolved prior to the filing of the petitions. Accordingly, there was no basis to exercise emergency jurisdiction and, contrary to the father's contention, Family Court did not err in declining to hold a hearing in this regard (compare Matter of Chester HH. v Angela GG., 208 AD3d at 947; Matter of Rodriguez v Rodriguez, 118 AD3d 1011, 1012 [2d Dept 2014]).
Family Court also did not err in summarily dismissing the father's family offense petition. Even construing the petition liberally, it did not [*2]contain allegations supporting a cause of action under Family Ct Act article 8 (see Matter of Arnold v Arnold, 119 AD3d 938, 939 [2d Dept 2014]). The father's remaining contentions, to the extent not expressly addressed, have been considered and found lacking in merit.
Aarons, Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Domestic Relations Law § 76-b enumerates limited circumstances in which a court of this state has jurisdiction to modify a custody order from a foreign jurisdiction. The father does not argue that Family Court had jurisdiction to modify the Pennsylvania custody determination under Domestic Relations Law § 76-b and, on this record, there is no basis to conclude that Family Court had jurisdiction under this provision.